**ALLACCESS LAW GROUP**
Irene Karbelashvili, State Bar Number 232223
irene@allaccesslawgroup.com
Irakli Karbelashvili, State Bar Number 302971
irakli@allaccesslawgroup.com
1400 Coleman Ave Ste F28
Santa Clara, CA 95050
Telephone: (408) 295-0137
Fax: (408) 295-0142

Attorneys for DAVID B. KETROSER, Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID B. KETROSER,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>KCP RE LLC, a California limited liability company; and DOES 1-20, inclusive,<br><br>　　　　　Defendants. | Case No. 19-6698<br><br>*Civil Rights*<br><br>**PLAINTIFF'S COMPLAINT FOR INJUNCTIVE & DECLARATORY RELIEF AND DAMAGES**<br><br>**DEMAND FOR JURY TRIAL** |

# I. SUMMARY

1. This is a civil rights action by DAVID B. KETROSER ("Plaintiff") for discrimination at the building, structure, facility, complex, property, land, development, and/or surrounding business complexes located at or around 4000 Pimlico Dr, Pleasanton, CA 94588.

2. Pursuant to the Americans with Disabilities Act of 1990, (42 U.S.C. §§ 12101 *et seq*.), and supplemental California statutes, Plaintiff seeks damages, injunctive and declaratory relief, and attorney fees and costs, against KCP RE LLC, a California limited liability company; and DOES 1-20, inclusive, (hereinafter alternatively collectively referred to as "Defendants").

3. The true names and capacities of Defendants DOES 1 through 20, inclusive, are unknown to Plaintiff who therefore sues said Defendants by such fictitious names. Plaintiff prays leave of Court to amend this Complaint to show such true names and capacities when the names have been ascertained.

4. Plaintiff is informed and believes that each of the Defendants, DOES 1 through 20, inclusive, is the agent, ostensible agent, alter ego, master, servant, trustor, trustee, employer, employee, representative, franchiser, franchisee, lessor, lessee, joint venturer, parent, subsidiary, affiliate, related entity, partner, and/or associate, or such similar capacity, of each of the other Defendants, and was at all times acting and performing, or failing to act or perform, within the course and scope of such similar aforementioned capacities, and with the authorization, consent, permission or ratification of each of the other Defendants, and is personally responsible in some manner for the acts and omissions of the other Defendants in proximately causing the violations and damages complained of herein, and have participated, directed, and have ostensibly and/or directly approved or ratified each of the acts or omissions of each of the other Defendants, as herein described.

# II. JURISDICTION

5. This Court has original jurisdiction under 28 U.S.C. §§ 1331 and 1343 for ADA claims.

6. Supplemental jurisdiction for claims brought under parallel California law, arising from the same nucleus of operative facts, is predicated on 28 U.S.C. §1367.

7. Plaintiff' claims are authorized by 28 U.S.C. §§ 2201 and 2202.

### III. VENUE

8. All actions complained of herein take place within the jurisdiction of the United States District Court, Northern District of California, and venue is invoked pursuant to 28 U.S.C. § 1391(b), (c).

### IV. INTRADISTRICT ASSIGNMENT

9. Pursuant to Local Rule 3-2(d) this case should be assigned to the San Francisco/Oakland intradistrict as the real property which is the subject of this action is located in this intradistrict and Plaintiff's causes of action arose in this intradistrict.

### V. PARTIES

10. At all relevant times KCP RE LLC, a California limited liability company; and DOES 1-20, inclusive, were, and currently are the owners, operators, managers, and/or leasees of a public accommodation and its adjacent facilities, including but not limited to the parking facilities, and paths of travel, located at or around 4000 Pimlico Dr, Pleasanton, CA 94588 (hereinafter the "Facility").

11. Plaintiff is a qualified physically disabled person with a physical "disability" as defined by Department of Justice regulation 28 C.F.R. § 36.104 and California Government Code § 12926. Plaintiff has been afflicted with Multiple Sclerosis since 1973. Plaintiff is unable to independently stand or walk, and requires the use of a wheelchair at all times for mobility. Plaintiff is unable, due to his physical disability, to independently use public facilities that are not designed and/or constructed in compliance with applicable accessibility standards to accommodate disabled persons who require a wheelchair for mobility. Plaintiff possesses a disabled parking placard issued by the State of Minnesota. Plaintiff is a resident of Minneapolis, Minnesota and frequently visits family in East Bay, California. Specifically, Plaintiff's only son and 7 year old grandson live in close proximity to the Facility and Plaintiff visits his son and grandson about every 6 weeks.

12. Plaintiff was denied his rights to full and equal access to the Facility and was denied his civil rights under both California law and federal law, because the Facility was not, and

currently is not, accessible to physically disabled individuals, including wheelchair users.

## VI. FACTS

13. The Facility is a public accommodation and business establishment as defined under Title III of the ADA, 42 U.S.C. § 12181(7), and California civil rights laws. Cal. Civ. Code §51 *et seq*. The Facility is open to the public, is intended for nonresidential use and its operation affects commerce.

14. On October 28, 2018 Plaintiff dined at the Blossom Vegan Restaurant located at the Facility. During this visit, Plaintiff was denied full and equal access to the Facility due to the presence of architectural barriers. Specifically, the curb ramp from the accessible parking encroached into the access aisle. This exposed Plaintiff to unreasonable risk of harm as he existed his vehicle. Moreover, the access aisle was sloped as were the flared sides of the curb ramp. Shortly thereafter, Plaintiff complained via letter to Defendant KCP RE LLC of the accessibility difficulties he experienced during his October 28, 2018 visit to the Facility. Plaintiff returned to the Facility on or about February 14, 2019 only to encounter the same accessibility barriers that he encountered on October 28, 2018.

15. After each of his visits, Plaintiff left feeling like a second class citizen and suffered difficulties, discomfort and/or embarrassment. Moreover, Plaintiff has been deterred from enjoying the good and services offered at the Facility more often. If the Facility is made accessible to Plaintiff, he could and would return to the Facility.

16. Before filing this lawsuit, Plaintiff's legal representative also had a CASp-certified access consultant do an informal investigation of the Facility's premises. While he could not make detailed measurements, he determined that the Facility remained inaccessible based on, but not limited to, the following:

- No directional signage for a path from public right of way
- No tow away proper signage
- Parking by UPS store:
    - parking slopes

      - no stripping on access aisle

      - no "no parking" stamped on the ground

      - missing signage and existing sign lacks penalty sign

- Cars parked encroach into path of travel
- Parking by other stores:

      - ADA parking is less than 18' deep

      - signage is missing proper information

17. These barriers to access are listed without prejudice to Plaintiff citing additional barriers to access after inspection by Plaintiff's access consultant, per the 9th Circuit's standing standards under *Doran v. 7-Eleven, Inc.* 524 F.3d 1034 (9th Cir. 2008), *Chapman v. Pier One Imports (USA), Inc.,* 631 F.3d 939 (9th Cir. 2011), and the General Order 56 requirements for Northern District of California "ADA" Title III cases. All of these barriers to access render the premises inaccessible to and unusable by physically disabled persons. All facilities must be brought into compliance with all applicable federal and state code requirements, according to proof.

18. Defendants knew that these elements and areas of Facility were inaccessible, violate state and federal law, and interfere with or deny access to the physically disabled. Also, Defendants have the financial resources to remove these barriers from the Facility without much difficulty or expense, and make the Facility accessible to physically disabled patrons, including Plaintiff. To date, however, Defendants refuse to either remove those barriers or seek an unreasonable hardship exemption to excuse non-compliance.

19. At all relevant times, Defendants have possessed and enjoyed sufficient control and authority to modify the Facility to remove impediments to physically disabled individuals, including Plaintiff, and to comply with the Americans with Disabilities Act Accessibility Guidelines (the "ADAAG") and Title 24 regulations. Defendants have not removed such impediments and have not modified the Facility to conform to accessibility standards. Upon information and belief Defendants have intentionally maintained the Facility in its current

1  condition and have intentionally refrained from altering the Facility so that it complies with the
2  accessibility standards.
3      20.  Plaintiff further alleges that the continued presence of barriers at Facility is so obvious
4  as to establish Defendants' discriminatory intent. On information and belief, Plaintiff avers that
5  evidence of the discriminatory intent includes Defendants' refusal to adhere to relevant building
6  standards; disregard for the building plans and permits issued for the Facility and its facilities;
7  conscientious decision to the architectural layout as it currently exists at Facility; decision not to
8  remove barriers from the Facility; and allowance that the Facility continues to exist in its non-
9  compliant state. Plaintiff further alleges, on information and belief, that Defendants are not in the
10 midst of a remodel, and that the barriers present at Facility are not isolated or temporary
11 interruptions in access due to maintenance or repairs.

## VII. FIRST CLAIM

### Americans with Disabilities Act of 1990

### (TITLE III USC §12101 *et seq.*)

### (Against all Defendants and each of them)

16    21. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the
17 allegations contained in Paragraphs 1 through 20 of this Complaint, and incorporates them herein
18 as if separately repled.
19    22. Based on the facts and allegations pled above, Plaintiff was denied full and equal
20 enjoyment of and access to Defendants' goods, services, facilities, privileges, advantages or
21 accommodations in violation of the ADA. Plaintiff alleges that the condition of Defendants'
22 Facility and/or the manner in which Defendants provided services failed to provide full and equal
23 access to Defendants' goods and services in public accommodations as required generally by the
24 provisions of 42 U.S.C. §12182(a) and 42 U.S.C. §12182(b)(1)(A).
25    23. As set forth in this Complaint above, Plaintiff was specifically subjected to
26 discrimination in violation of 42 U.S.C. §12182(b)(2)(A)(iv); 12182(b)(2)(A)(v); 42 U.S.C.
27 §12182 (b)(2)(A)(iii); 42 U.S.C. §12183 and 42 U.S.C. §12188 because Plaintiff was denied equal
28

Plaintiff's Complaint For Injunctive & Declaratory Relief & Damages

access to and enjoyment of the goods and services offered at Facility. Plaintiff has the physical impairments alleged above that substantially limit major life activities; including walking, standing, accessing public accommodations that are non-complainant the ADAAG.

24. One of the specific prohibitions against discrimination under the ADA is set forth in 42 U.S.C. §12182(b)(2)(A)(iv). That Section prohibits, in pertinent part: "A failure to remove architectural barriers…that are structural in nature, in existing facilities ... where such removal is readily achievable."

25. Plaintiff alleges that the removal of each of the specific barriers that Plaintiff encountered as set forth above, was at all times, "readily achievable" pursuant to the factors set forth in the ADA and the applicable Regulations adopted by the United States Department of Justice under the ADA (said Regulations being set forth in 28 CFR Part 36). In that regard, Defendants could have but did not avail themselves of the tax deduction and tax credits provided by Internal Revenue Services ("IRS") codes 44 and 190, which apply to the costs of barrier removal.

26. Assuming, *arguendo*, that Defendants were able to meet their burden of proof that the removal of the defined architectural barriers (or any of them) was or is not "readily achievable," Defendants failed to make their goods, services, facilities, privileges, advantages and/or accommodations available through alternative readily achievable means pursuant to the requirements of 42 U.S.C. §12182(b)(2)(A)(v).

27. The specific prohibitions against discrimination under the ADA, as set forth in 42 U.S.C. §12182(b)(2)(A)(ii) proscribe the following: "A failure to make reasonable modifications in policies, practices and procedures when such modifications are necessary to afford such goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities.

28. Based on the facts and allegations pled above, Defendants failed and refused to reasonably modify their policies, practices and procedures in that they failed to have a scheme, plan or design to assist Plaintiff and/or others similarly situated in entering and utilizing Defendants' Facility and services, as required by the ADA and supplemental California law.

29. In addition, Plaintiff is informed and believes and based thereon alleges that Defendants have modified and altered the Facility on or after January 26, 1992 in a manner that affects the usability and accessibility of the Facility. The ADA specifically prohibits discrimination against persons with disabilities in the construction and alteration of public accommodations. In this regard, 42 U.S.C. §12183(1)(a) prohibits:

> "(2) with respect to a facility or part thereof that is altered by, on behalf of, or for the use of an establishment in a manner that affects or could affect the usability of the facility or part thereof, a failure to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs. Where the entity is undertaking an alteration that affects or could affect usability of or access to an area of the facility containing a primary function, the entity shall also make the alterations in such a manner that, to the maximum extent feasible, the path of travel to the altered area and the bathrooms, telephones, and drinking fountains serving the altered area, are readily accessible to and usable by individuals with disabilities where such alterations to the path of travel or the bathrooms, telephones, and drinking fountains serving the altered area are not disproportionate to the overall alterations in terms of cost and scope (as determined under criteria established by the Attorney General)."

30. Sections 36.402 and 36.403 of 28 C.F.R. Part 36 contain the regulations called for and referenced in 42 U.S.C. §12183(1)(a). Section 36.402 of 28 C.F.R. Part 36 states, in pertinent part:

> "(a) General. (1) Any alteration to a place of public accommodation or a commercial facility, after January 26, 1992, shall be made so as to ensure that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities…..
>
> (2) An alteration is deemed to be undertaken after January 26, 1992, if the physical alteration of the property begins after that date.
> (b) Alteration. For the purposes of this part, an alteration is a change to a place of public accommodation or a commercial facility that affects or could affect the usability of the building or facility or any part thereof.
>
> (1) Alterations include, but are not limited to, remodeling, renovation, rehabilitation, reconstruction, historic restoration, changes or rearrangement in structural parts or elements, and changes or rearrangement in the plan configuration of walls and full-height partitions...
>
> (2) If existing elements, spaces, or common areas are altered, then each such altered element, space, or area shall comply with the applicable provisions of appendix A to this part."

(c) To the maximum extent feasible. …….If providing accessibility in conformance with this section to individuals with certain disabilities (e.g., those who use wheelchairs) would not be feasible, the facility shall be made accessible to persons with other types of disabilities (e.g., those who use crutches, those who have impaired vision or hearing, or those who have other impairments).

31. Based on the facts and allegations pled above, and the facts elsewhere in this Complaint, Plaintiff was damaged and will suffer irreparable harm unless Defendants are ordered to remove architectural and other barriers at Defendants' Facility and otherwise obey the requirements of the ADA. Plaintiff alleges that Defendants' discriminatory conduct is capable of repetition, and this discriminatory repetition adversely impacts Plaintiff and a substantial segment of the disabled community.

32. Plaintiff alleges that there is a national public interest in requiring accessibility in places of public accommodation. Plaintiff has no adequate remedy at law to redress the discriminatory conduct of Defendants.

Accordingly, Plaintiff prays for relief as hereinafter stated in pertinent part.

## VIII. SECOND CLAIM

**Disabled Persons Act**

**(California Civil Code § 54 et seq.)**

**(Against all Defendants and each of them)**

33. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in Paragraphs 1 through 32 of this Complaint, and incorporates them herein as if separately repled.

34. The Facility is a place of public accommodation and/or places to which the general public is invited and, as such, they are obligated to comply with the provisions of the California Disabled Persons Act ("CDPA"), California Civil Code § 54 et seq.

35. The CDPA guarantees, inter alia, that persons with disabilities have the same right as the general public to the full and free use of the streets, highways, sidewalks, walkways, public buildings, public facilities, and other public places. California Civil Code § 54.

36. The CDPA also guarantees, inter alia, that persons with disabilities are entitled to full and equal access, as other members of the general public, to accommodations, advantages,

facilities, and privileges of covered entities. California Civil Code § 54.1(a)(1).

37. The CDPA also provides that a violation of the ADA is *a per se* violation of CDPA, California Civil Code § 54.1(d).

38. Defendants have violated the CDPA by, inter alia, denying and/or interfering with Plaintiff right to full and equal access as other members of the general public to the accommodations, advantages, and its related facilities due to his disability.

Accordingly, Plaintiff prays for relief as hereinafter stated in pertinent part.

### IX. THIRD CLAIM

### Unruh Civil Rights Act

### (California Civil Code §51 et seq.)

### (Against all Defendants and each of them)

39. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in Paragraphs 1 through 38 of this Complaint, and incorporates them herein as if separately repled.

40. The Facility is a business establishment and, as such, must comply with the provisions of the Unruh Act, California Civil Code § 51 *et seq.*

41. The Unruh Act guarantees, *inter alia,* that persons with disabilities are entitled to full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever within the jurisdiction of the State of California. California Civil Code § 51(b).

42. The Unruh Act also provides that a violation of the ADA, or of California state accessibility regulations, is a violation of the Unruh Act. California Civil Code § 51(f).

43. Defendants have violated the Unruh Act by, *inter alia,* denying, or aiding or inciting the denial of, Plaintiff's rights to full and equal use of the accommodations, advantages, facilities, privileges, or services offered at the Facility.

44. Defendants have also violated the Unruh Act by denying, or aiding or inciting the denial of, Plaintiffs rights to equal access arising from the provisions of the California state accessibility

Plaintiff's Complaint For Injunctive & Declaratory Relief & Damages

regulations and the ADA.

Accordingly, Plaintiff prays for relief as hereinafter stated in pertinent part.

## X. FOURTH CLAIM

**(California Health & Safety Code §§ 19955 et seq.)**

**Denial of Full and Equal Access to Public Facilities**

**(Against all Defendants and each of them)**

45. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in Paragraphs 1 through 44 of this Complaint, and incorporates them herein as if separately repled.

46. Health and Safety Code § 19955(a) states, in part, that: California public accommodations or facilities built with private funds shall adhere to the provisions of Government Code § 4450.

47. Health and Safety Code § 19959 states, in part, that: Every existing (non-exempt) public accommodation constructed prior to July 1, 1970, which is altered or structurally repaired, is required to comply with this chapter.

48. Plaintiff alleges that the Facility is a public accommodation constructed, altered, or repaired in a manner that violates Part 5.5 of the Health and Safety Code or Government Code § 4450 or both, and that the Facility was not exempt under Health and Safety Code § 19956.

Accordingly, Plaintiff prays for relief as hereinafter stated in pertinent part.

## XI. FIFTH CLAIM

**Unfair, Unlawful, Deceptive Business Practice in Violation of California Business & Professions Code § 17200 et seq.**

**(Against all Defendants and each of them)**

49. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in Paragraphs 1 through 48 of this Complaint, and incorporates them herein as if separately repled.

50. Defendants engage in business practices, offer their goods and services for sale, and

Plaintiff's Complaint For Injunctive & Declaratory Relief & Damages

advertise their business within the jurisdiction of the state of California. As such, Defendants, and each of them, have a duty to comply with the provisions of the Unfair Business Practices Act set forth in § 17200, et seq., of the Business and Professions Code.

51. The Unfair Business Practices Act prohibits, inter alia, unlawful, unfair, or fraudulent business acts or practices and unfair, deceptive, untrue, or misleading advertising by any person, firm, corporation, or association within the jurisdiction of the State of California.

52. The conduct previously alleged violated the Unfair Business Practices Act, including § 17200 of the Business & Professions Code, in that Defendants have represented that their goods and services are available to all members of the general public, when in fact, Defendants deny full and equal access to their goods and services to disabled individuals with mobility limitations by reason of Defendants' failure to comply with their legal obligations under the Unruh Act, Disabled Persons Act, the False Advertising Practices Act, and Americans with Disabilities Act as alleged herein.

Accordingly, Plaintiff prays for relief as hereinafter stated in pertinent part.

## XII. SIXTH CLAIM

**(For Violating the False Advertisement Practices Act, Business & Professions Code § 17500 et seq.)**

**(Against all Defendants and each of them)**

53. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in Paragraphs 1 through 52 of this Complaint, and incorporates them herein as if separately repled.

54. Defendants engage in business practices, offer their goods and services for sale, and advertise their goods and services within the jurisdiction of the state of California. As such, Defendants have a duty to comply with the provisions of the False Advertising Practices Act set forth in §§ 17500, et seq., of the Business and Professions Code.

55. The False Advertising Practices Act prohibits, inter alia, disseminating, making, or causing to be made, any statement concerning goods and services which is known, or with the

Plaintiff's Complaint For Injunctive & Declaratory Relief & Damages

exercise of reasonable care should be known, to be untrue or misleading, by any corporation or employee thereof.

56. The previously alleged conduct of Defendants violates the False Advertising Act, including § 17500 of the Business and Professions Code, in that said Defendants have represented that their goods and services are available to all members of the general public, when, in fact, said Defendants deny full and equal access to such goods and services to disabled individuals with mobility limitations by reason of Defendants' failure to comply with their legal obligations under the Unruh, Disabled Persons Act, and the Americans with Disabilities Act.

Accordingly, Plaintiff prays for relief as hereinafter stated in pertinent part.

## *DEMAND FOR JUDGMENT FOR RELIEF*

Plaintiff prays that this Court:

1. Issue a preliminary and permanent injunction directing Defendants as current owners, operators, lessors, and/or lessees of the Facility to modify the Facility so that it provides full and equal access to wheelchair users and issue a preliminary and permanent injunction directing Defendants to *maintain* the Facility so that it remains accessible to Plaintiff and similarly situated persons with disabilities, as required by law, including appropriate changes in policy. **Note: Plaintiff is not invoking Civil Code, § 55 and is not seeking injunctive relief under that section**;

2. Retain jurisdiction over Defendants until such time as the Court is satisfied that Defendants' unlawful policies, practices, acts and omissions, and maintenance of inaccessible public facilities as complained of herein no longer occur, and cannot recur;

3. Award to Plaintiff all appropriate damages, including but not limited to statutory damages, general damages and treble damages in amounts within the jurisdiction of this Court, all according to proof;

4. Award to Plaintiff all reasonable restitution for Defendant's Unfair, Unlawful, Deceptive Business Practice and False Advertising;

5 Award to Plaintiff all reasonable statutory attorney fees, litigation expenses, and costs of

this proceeding as provided by law;

    6. Award to Plaintiff prejudgment interest pursuant to Civ. Code, § 3291;

    7. Grant such other and further relief as this Court may deem just and proper.

Dated: October 18, 2019             /s/
                                 Irakli Karbelashvili, Attorney for Plaintiff
                                 DAVID B. KETROSER

### *DEMAND FOR JURY*

Plaintiff hereby demands a jury for all claims for which a jury is permitted.

Dated: October 18, 2019             /s/
                                 Irakli Karbelashvili, Attorney for Plaintiff
                                 DAVID B. KETROSER